7UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JACQUELINE ANN LENARZ                                                                                    APPELLANT

v.                                                                                     CIVIL ACTION NO. 3:05CV-761-S

SANDRA RAGLAND, et al                                                                                    APPELLEES

## MEMORANDUM OPINION

This matter is before the court on appeal by the debtor, Jacqueline Ann Lenarz, from an order of the United States Bankruptcy Court granting Sandra Ragland relief from the automatic stay to the extent that Ragland was permitted to file a motion in the Jefferson County, Kentucky Circuit Court asking that that court's $25,000.00 attorney fee award be changed such that it would be enforceable in the name of Ragland's law firm, Diana L. Skaggs & Associates.

Because the bankruptcy court's order lifting the automatic stay is not typical, and in fact is highly unusual, a particularized discussion of the facts is necessary.

## FACTS

The debtor, Jacqueline Ann Lenarz, and Ren Ricky Hinshaw (hereinafter "Hinshaw") were married. They divorced, and on January 28, 2005, the Jefferson County, Kentucky Family Court entered Findings of Fact, Conclusions of Law, and Judgment. In that judgment, *inter alia*, the Jefferson Family Court provided for custody of a child, divided marital assets, and provided for the payment of marital debts and support. In addition, the Jefferson Family Court addressed the matter

of Hinshaw's attorney fees. The last sentence in the judgment, which has given rise to this litigation, is as follows: "The Court orders that Petitioner pay $25,000 toward Respondent's attorney fees."

Jacqueline Ann Lenarz is the person the court refers to as "Petitioner" and Hinshaw is the person the court refers to as "Respondent."

Kentucky law (KRS 403.220) permits a divorce court to order one party to pay the reasonable attorney fees of the other party, and further permits the court to "order that the amount be paid directly to the attorney, who may enforce the order in his name."

It is obvious that the Jefferson Family Court did not employ that language when it ordered the debtor to pay $25,000.00 toward Hinshaw's attorney fees.

Subsequent to the entry of the divorce judgment, the debtor filed her petition in bankruptcy.

Sandra Ragland is an attorney who represented Hinshaw in the divorce litigation. She is and was with the law firm of Diana L. Skaggs & Associates.

Attorney Ragland filed a proof of claim, claiming that the debtor, Jacqueline Ann Lenarz, owed Ragland and her law firm $25,000.00, and that such debt was in the nature of maintenance and support for Hinshaw entitling the claim to nondischargeable priority status.

Litigation ensued in the bankruptcy court concerning Ragland's claim, and it no doubt became obvious early on that the divorce judgment entered in the Jefferson Family Court failed to order that the $25,000.00 in attorney fees be paid directly to Ragland or her firm. While the Jefferson Family Court clearly ordered that the debtor pay $25,000.00 toward Hinshaw's attorney fees, it does not say to whom the payment is to be made. It is certainly arguable that this debt is to be paid to Hinshaw rather than to his attorney.

Apparently perceiving that her legal position would be improved if the Jefferson Family Court would amend its order to provide that the $25,000.00 in attorney fees be paid directly to and be enforceable by Ragland and/or her law firm, Ragland approached the bankruptcy court, asking for a limited and specific lifting of the automatic stay in order that she could approach the Jefferson Family Court with a motion to amend the divorce judgment.

The bankruptcy court acceded to this request, and on October 6, 2005 entered the order lifting the stay for that particularized purpose.

It is from that order that the debtor appeals herein.

## DISCUSSION

The parties have filed briefs.  The debtor argues that attorney Ragland had no standing to move for relief of the stay because she is not a "party-in-interest" as required by 11 U.S.C. § 362(d). The debtor also argues that even if attorney Ragland were to succeed in persuading the Jefferson Family Court to alter its divorce judgment, such an alteration would have no effect because such would be post-petition, and therefor fail to create for attorney Ragland or her firm a valid claim in the bankruptcy action.  Attorney Ragland, understandably, argues to the contrary.  She contends that $25,000.00 is clearly a debt of the debtor, and that if the debtor had paid the money to Hinshaw, attorney Ragland would have an attorney fee lien upon the award.  Attorney Ragland asserts that Hinshaw has given up trying to have Ragland paid, so Ragland is the only party left to press the issue.

However, under the peculiar facts of this case, the court, on review, is of the opinion that the order granting relief from the automatic stay entered by the bankruptcy court on October 6, 2005, is not a final order.

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a). This court concedes that, under most circumstances, an order lifting an automatic stay is a final order. 1 COLLIER ON BANKRUPTCY ¶ 5.08[1]. But that rule pertains to the more traditional situation in which an automatic stay is lifted. For instance, where the stay is lifted to permit foreclosure, the litigation is completed on the question and nothing more need be done by the bankruptcy court on the matter of the stay. In such circumstance, the order lifting the stay ends the controversy.

Under the peculiar circumstances of this case, however, the limited relief from the automatic stay granted by the bankruptcy court does not end the litigation or conclude the controversy. Rather, it becomes the starting point of the controversy.

If the Jefferson Family Court accedes to the request of attorney Ragland and her law firm to alter its judgment to conform to the provisions of KRS 403.220 by ordering the $25,000.00 attorney fee be paid directly to the attorney and allowing the attorney to enforce the award, a number of issues would then be presented to the bankruptcy court. Of course, this court is not certain that the Jefferson Family Court would agree to alter its judgment, but certain language in the appellees' brief suggests that the Jefferson Family Court may have done just that.

Regardless, the bankruptcy court will be faced with the issue as to whether such an alteration of the judgment, post-petition, can create a viable claim by attorney Ragland and/or her law firm where none clearly existed at the time the petition was filed. The fact that no attorney fee award was enforceable by Ragland and/or her law firm is made manifest by their desire to approach the Jefferson Family Court with a request to alter its previous judgment.

Moreover, there are also lingering questions as to whether such an award is in the nature of support, and therefore nondischargeable, even if the claim is valid.  Accordingly, and under the very peculiar facts of this case, we conclude that the bankruptcy court's order lifting the stay for a very singular and discrete purpose, that is to allow Ragland to approach the state court, cannot be considered a final and appealable order as required by 28 U.S.C. § 158(a).  The fact that the parties argue about how the bankruptcy court might rule if the Jefferson Family Court grants Ragland's motion is a demonstration that there is no badge of finality with respect to the order in question.  The controversy is not concluded, the issues are not put to rest, and the litigation may be just beginning, depending on how the Jefferson Family Court has ruled or might yet rule.

For these reasons, this appeal will be dismissed for lack of jurisdiction and without prejudice to the parties to continue litigating the issues they have discussed in this matter.  A separate order will be entered in accordance herewith.

cc:  Counsel of Record